UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| KERI JACKSON, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | Case No. 4:17-cv-2696-SPM |
| ST. LOUIS PUBLIC SCHOOLS, | ) |  |
| Respondent. | ) |  |

## **MEMORANDUM AND ORDER**

This case is before the undersigned on Plaintiff's Motion to Disqualify (Doc. 21), in which Plaintiff asks the Court to disqualify the law firm of Mickes O'Toole, LLC and the law firm of Crotzer & Ormsby, and their employees and associated counsel, from representing and/or assisting the defendant in this action, St. Louis Public Schools, and from representing Ferguson-Florissant School District in Plaintiff's separate action against that school district, *Jackson v. Ferguson-Florissant School District*, No. 4:16-CV-01412-SNLJ (the "Ferguson-Florissant case"). To the extent that Plaintiff's motion is directed toward whether to disqualify particular attorneys from representing a defendant in the Ferguson-Florissant case, the motion is not properly before the undersigned and must be addressed through a motion filed in the Ferguson-Florissant case.[1] To the extent that Plaintiff's motion is directed toward whether to disqualify Crotzer & Ormsby from representing the defendant in the instant case, the motion will be denied as not ripe for ruling,

---

[1] On the same date she filed the instant motion, Plaintiff filed substantially the same motion in the Ferguson-Florissant case.

because no attorneys from Crotzer & Ormsby have attempted to represent the defendant in the instant case. To the extent that Plaintiff's motion is directed toward whether to disqualify Mickes O'Toole, LLC from representing Defendant St. Louis Public Schools in the instant case, the Court will address the motion below. Defendant St. Louis Public Schools has filed an opposition to the motion. (Doc. 22).

Defendant is currently represented in this action by several attorneys at Mickes O'Toole: Brittany LeAnn Newell, Grant D. Wiens, and Vincent D. Reese. Kathryn Forster recently joined the firm of Mickes O'Toole. Ms. Forster previously worked at Crotzer & Ormsby, where she represented the Ferguson-Florissant School District in the Ferguson-Florissant case.

Plaintiff first argues that Ms. Forster's move from Crotzer & Ormsby to Mickes O'Toole creates a conflict of interest that prevents Mickes O'Toole from representing Defendant in the instant case. Plaintiff relies on Missouri Rule of Professional Conduct 4-1.10(b), which states:

> (b) When a lawyer has terminated an association with a firm, the firm is not prohibited from thereafter representing a person with interests materially adverse to those of a client represented by the formerly associated lawyer and not currently represented by the firm, unless:
>
> (1) the matter is the same or substantially related to that in which the formerly associated lawyer represented the client; and
>
> (2) any lawyer remaining in the firm has information protected by Rules 4-1.6 and 4-1.9(c) that is material to the matter.

Plaintiff asserts that the instant case is the same or substantially related to the Ferguson-Florissant case, so Mickes O'Toole cannot represent Defendant in this action. Plaintiff's argument is without merit. Rule 4-1.10(b) governs the question of what clients a firm may represent after an attorney leaves that firm. Thus, it might be relevant to what clients Ms. Forster's *former* firm (Crotzer & Ormsby) could represent. However, it is not in way relevant to which clients Ms. Forster's new

firm (Mickes O'Toole) can represent. Thus, Rule 4-1.10(b) does not provide a basis for disqualifying Mickes O'Toole.

Plaintiff also suggests that Mickes O'Toole should be disqualified because of the possibility that Ms. Forster could share information and strategy she learned in the Ferguson-Florissant case with counsel for St. Louis Public Schools. However, even in light of this possibility, Plaintiff does not explain how Mickes O'Toole's continued representation of St. Louis Public Schools would violate any particular rule of professional conduct or create any conflict of interest.

Plaintiff next argues that her motion to disqualify is supported by Rule 4-3.3(a)(1), which states:

> (a) A lawyer shall not knowingly:
>
> (1) make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer . . .

Plaintiff suggests that Mickes O'Toole should be disqualified because Ms. Forster made false statements pertaining to the Ferguson-Florissant case. This argument is without merit. Rule 4-3.3(a)(1) does not address the question of whether an attorney can represent a client. Moreover, even if it did, Ms. Forster is not representing any party in the present action. Plaintiff offers no authority to suggest that false statements made by an attorney in the past require disqualification of the attorney's entire firm.

Finally, Plaintiff suggests that because Ms. Forster was the lead attorney in the Ferguson-Florissant case, she is likely to be called as a necessary witness in that case or in the instant case. Rule 4-3.7 states, in relevant part,

> (a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless:

        (1)       the testimony relates to an uncontested issue;
        (2)       the testimony relates to the nature and value of legal services rendered in the case; or
        (3)       disqualification of the lawyer would work substantial hardship on the client.

    (b)       A lawyer may act as advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness unless precluded from doing so by Rule 4-1.7 or Rule 4-1.9.

Again, Plaintiff's argument is without merit. First, Rule 4-3.7(a) is directed toward an individual attorney, not the law firm as a whole. Ms. Forster is not representing any party in this matter, so this rule is irrelevant to the instant motion. Moreover, Plaintiff has not shown any basis for a finding that Ms. Forster is likely to be a "necessary witness" in this case.

    For all of the above reasons,

    **IT IS HEREBY ORDERED** that Plaintiff's Motion to Disqualify (Doc. 21) is **DENIED**.

_____
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 24th day of April, 2018.